IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHARON L. KURTZ, | ) | CASE NO. 5:22-CV-02229-JRA |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| COMMISSIONER OF SOCIAL SECURITY, | ) | CARMEN E. HENDERSON |
| | ) | |
| Defendant, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

**I. Introduction**

Plaintiff, Sharon Kurtz ("Kurtz" or "Claimant"), seeks judicial review of the final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits ("DIB"). This matter is before me pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and Local Rule 72.2(b). For the reasons set forth below, it is RECOMMENDED that the Court OVERRULE Claimant's Statement of Errors and AFFIRM the Commissioner's decision.

**II. Procedural History**

On November 28, 2020, Claimant filed an application for DIB, alleging a disability onset date of October 5, 2020. (ECF No. 9, PageID #: 51). The application was denied initially and upon reconsideration, and Claimant requested a hearing before an administrative law judge ("ALJ"). (*Id.*). On November 16, 2021, an ALJ held a hearing, during which Claimant, represented by counsel, and an impartial vocational expert ("VE") testified. (*Id.*). On December 10, 2021, the ALJ issued a written decision finding Claimant was not disabled. (*Id.* at PageID #:

51-61). The ALJ's decision became final on October 11, 2022, when the Appeals Council declined further review. (*Id.* at PageID #: 35).

On December 9, 2022, Claimant filed her Complaint to challenge the Commissioner's final decision. (ECF No. 1.) The parties have completed briefing in this case. (ECF Nos. 12, 14, 15). Claimant asserts the following assignments of error:

> (1) The ALJ's Step 4 determination is unsupported by substantial evidence as he failed to properly consider Plaintiff's past work as a composite job.

(ECF No. 12 at 1).

**III. Background**

Because the parties do not challenge the ALJ's findings concerning the severity of Claimant's medical conditions or her residual functional capacity ("RFC"), the Court puts forth the ALJ's findings concerning such simply as background to frame the current dispute. The ALJ concluded Claimant suffered from degenerative disc disease of the cervical and lumbar spine, fibromyalgia, and carpal tunnel syndrome, all of which were severe, as well as non-severe anxiety. (ECF No. 9, PageID #:54-55). The ALJ concluded Claimant had an RFC to perform light work, except that she "may frequently stoop, crouch, may occasionally crawl, climb ramps and stairs, but may never climb ladders, ropes, or scaffolds; the claimant may frequently handle and finger with the bilateral upper extremities." (*Id.* at PageID #: 55).

    A. **Claimant's Work History**

On her work history report, Claimant reported previous work as a deli clerk. (*Id.* at PageID #: 252). She described her job as waiting on customers; filling deli and meat cases; pounding ice to scoop into buckets to fill the seafood case; lifting buckets and dishes of food; listing hams, turkeys, and various kinds of meats; and filling orders. (*Id.* at PageID #: 253). A separate disability report also indicates Claimant's past work as a deli clerk, described as "deli

work such as slicing meats, filling cases, and all other duties associated with waiting on customers." (*Id.* at PageID #: 274).

B.   **Relevant Hearing Testimony**

Relying on Claimant's work history and disability reports, the VE classified Claimant's past relevant work as that of a deli clerk, which is typically "considered light and unskilled" work but indicated that "it was performed more on a medium level . . . as described." (*Id.* at PageID #: 87). The ALJ asked the VE to consider the following hypothetical individual:

> [A]n individual born in 1963, with a limited education under the regulations, no high school diploma, no GED. For the first question, consider an individual that can lift, carry, push, and pull . . . 20 pounds occasionally and ten frequently, can sit for six hours, stand and/or walk for six hours in a normal workday. Consider, also, that the hypothetical individual cannot climb ladders, ropes, or scaffolds and can occasionally climb ramps and stairs. Can frequently stoop and crouch and occasionally crawl. Can frequently handle and finger bilaterally.

(*Id.* at PageID #87). The VE testified that the hypothetical individual would be able to perform the work of a deli clerk "as normally done" but not as Claimant had performed it according to the reports. (*Id.* at PageID #: 88).

After this initial testimony from the VE, Claimant testified to additional work she performed, including "unloading boxes of meats and cheeses from trucks and pallets and putting them on the shelves, in the coolers and in the freezers, and grinding meats with the meat grinder and cutting the meats in smaller pieces to make . . . salads and sandwich spreads." (*Id.* at PageID #: 92). The VE testified that these job duties were still in line with a deli clerk. (*Id.* at PageID #: 93). When questioned by the Claimant's counsel regarding a meat clerk in comparison to a deli clerk, the VE indicated:

> in looking at those two descriptions under Job Browser Pro, it's pretty evident to me that the meat clerk is a meat clerk back in the meat department. It says, cuts meat into small pieces suitable for grinding and grinds for use of hamburgers, meatloaf, sausage, using a power grinding machine. So the difference to me is this

3

>was a meat clerk that's back in the meat department. She worked as a deli clerk, up where they slice, you know, ham, turkey, whatever, for customers . . ..

(*Id.* at PageID #: 95). The VE also indicated she would still classify Claimant's position as a deli clerk in the absence of additional information concerning how often Claimant performed each of the various tasks. (*Id.* at PageID #: 96-97).

Claimant then testified that the amount of time spent on each task differed daily but, overall, it was a 50/50 split. (*Id.* at PageID #: 100).

The VE provided additional testimony:

>With [Claimant's] testimony, I believe it would be a composite job. So it would include the meat cutter that you mentioned, . . . which is medium and unskilled. And that would mean that to return to it, she would have to be able to do medium type of work.

(*Id.* at PageID #: 101). The VE indicated that under the hypothetical, an individual would not be able to do this composite job. *Id.*

After the VE's testimony, the ALJ further questioned Claimant:

>ALJ: Thanks, Counsel. Ms. Kurtz, you indicated, a couple times, to Mr. Bloom and also in the record, that as time went on, you only did the deli - clerk portion of the job, because of your pain.
>
>CLMT: Yeah, mostly, um-huh. It would have been, like –
>
>ALJ: How long was that, that you just did the deli - clerk portion?
>
>CLMT: A few months. It was a few months.

*Id.*

## IV. The ALJ's Decision

The ALJ made the following findings relevant to this appeal:

>6. The claimant is capable of performing past relevant work as a deli clerk (DOT#316.684-014), having a light exertional level designation [but which the claimant performed at the medium level of exertion] and a specific vocational preparation factor of two. This work does not require the performance of work-

4

related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

(ECF No. 9, PageID #: 60).

**V. Law & Analysis**

    **A. Standard of Review**

The Court's review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994)).

"After the Appeals Council reviews the ALJ's decision, the determination of the council becomes the final decision of the Secretary and is subject to review by this Court." *Olive v. Comm'r of Soc. Sec.*, No. 3:06 CV 1597, 2007 WL 5403416, at *2 (N.D. Ohio Sept. 19, 2007) (citing *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990); *Mullen v. Bowen*, 800 F.2d 535, 538 (6th Cir. 1986) (*en banc*)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, "even if a reviewing court would decide the matter differently." *Id.* (citing 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059–60 (6th Cir. 1983)).

    **B. Standard for Disability**

The Social Security regulations outline a five-step process that the ALJ must use in determining whether a claimant is entitled to supplemental-security income or disability-insurance benefits: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether

5

that impairment, or combination of impairments, meets or equals any of the listings in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) if not, whether the claimant can perform her past relevant work in light of her RFC; and (5) if not, whether, based on the claimant's age, education, and work experience, she can perform other work found in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)–(v); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642–43 (6th Cir. 2006). The claimant bears the ultimate burden of producing sufficient evidence to prove that she is disabled and, thus, entitled to benefits. 20 C.F.R. § 404.1512(a). Specifically, the claimant has the burden of proof in steps one through four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). The burden shifts to the Commissioner at step five to establish whether the claimant has the residual functional capacity to perform available work in the national economy. *Id.*

### C. Discussion

Claimant raises one issue on appeal, arguing "the ALJ's Step 4 determination is unsupported by substantial evidence as he failed to properly consider Plaintiff's past work as a composite job." (ECF No. 12 at 8).

At Step 4 of the analysis, "a claimant must prove that he is unable to perform his past relevant work, and that he is unable to return to his former type of work as generally performed." *DeMarco v. Comm'r of Soc. Sec.*, No. 4:17CV1376, 2018 WL 4565868, at *6 (N.D. Ohio June 21, 2018), *report and recommendation adopted in part, overruled in part*, No. 4:17 CV 1376, 2018 WL 3616258 (N.D. Ohio July 30, 2018) (collecting cases). Under the regulations, "[p]ast relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1). Pursuant to Social Security Ruling No. 82-61, there are three possible tests for determining whether a claimant retains the ability to perform past relevant work:

6

> (1) "[w]hether the claimant retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job," (2) "[w]hether the claimant retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it," or (3) "[w]hether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy."

*Richardson v. Colvin*, No. 1:16-CV-01583, 2017 WL 1169702, at *9 (N.D. Ohio Mar. 3, 2017), *report and recommendation adopted sub nom. Richardson v. Comm'r of Soc. Sec. Admin.*, No. 1:16-CV-1583, 2017 WL 1155511 (N.D. Ohio Mar. 28, 2017).

However, "[a] person whose past relevant work is a composite job is only capable of performing that job if he is found capable of performing the skills of each of the individual components of that position." *DeMarco*, 2018 WL 4565868, at *6. "[C]omposite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT. Such situations will be evaluated according to the particular facts of each individual case." *Id.* at *7 (collecting cases).

Claimant argues that because the "VE testified that with Plaintiff's testimony at the hearing, her past work would be *classified as a composite job*," the ALJ significantly mischaracterized the findings to reach his conclusion. (ECF No. 12 at 10). Claimant asserts that this amounts to harmful error and that remand is required because the ALJ did not make an alternative Step 5 finding. (*Id.* at 11). The Commissioner responds that the ALJ did not fail to consider whether Claimant's past relevant work was a composite job but instead "rejected the assertion that Plaintiff performed her work as a composite job" and this conclusion was supported by substantial evidence. (ECF No. 14 at 7). The Commissioner further argues that even if most of Claimant's past relevant work was a composite job, "the ALJ properly found that . . . she performed the work of a deli cutter-slicer for a sufficient period of time to become

proficient at it," which "provides independent substantial support for the ALJ's decision." (*Id.* at 8). Claimant replies that the ALJ erred because he "relied on a selective reading of the testimonial evidence to reach his conclusion." (ECF No. 15 at 1). Claimant argues that the "VE testified that with Plaintiff's testimony at the hearing, her past work would be classified as a composite job" and that "Plaintiff would need to be able to perform medium work to return to her past work" and the ALJ failed to acknowledge this testimony. (*Id.* at 2).

The Court agrees with the Commissioner that the ALJ did not fail to consider whether Claimant's past relevant work was a composite job but rather rejected her argument. In his decision, the ALJ specifically addressed Claimant's argument that she performed a composite job:

> I carefully considered the arguments of the claimant's representative, that the claimant actually performed this work as a composite job, in conjunction with a job described as "meat clerk". However, the representative conceded the claimant did not describe the job as involving composite duties in her work activity or disability reports to the Agency. In any event, the claimant likewise conceded she performed only the light aspects of the job for a "couple of months" [hearing testimony]. Even assuming, for the sake of argument, that this job was a composite job for much of the time she performed it, a "couple of months" at only the lighter components would be sufficient to allow the claimant to become proficient in its execution based on the SVP.

(ECF No. 9, PageID #: 61). The ALJ specifically mentions Claimant's failure to list composite duties in her reports to the Agency and these reports provide substantial evidence to support his decision that her past relevant work was as a deli clerk. (*Id.* at PageID #253, 273-74). The VE testified that the work described in these reports would be classified as a deli clerk and Claimant would still be able to perform the job as done normally in the national economy. (*Id.* at PageID #: 87-88). Additionally, as the Commissioner argues, the ALJ noted that even if Claimant previously performed a composite job, her own testimony indicated that she had performed the work of only a deli clerk for the past "couple of months." (*Id.*). Thus, Claimant had past

8

relevant work as only a deli clerk and she was capable of performing such work as ordinarily performed. Substantial evidence supports the ALJ's decision that Claimant did not perform a composite job.

Claimant essentially argues that the ALJ should have credited her hearing testimony over her previous reports but "the Court does not reweigh evidence when reviewing the ALJ's determination." *McQuade v. Comm'r of Soc. Sec.*, No. 1:21CV834, 2022 WL 4375984, at *2 (N.D. Ohio Sept. 22, 2022). Rather, because substantial evidence supported the ALJ's decision, the Court must defer to it "even if there is substantial evidence that would have supported the opposite conclusion[.]" *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

## VI. Recommendation

Based on the foregoing, it is RECOMMENDED that the Court OVERRULE Claimant's Statement of Errors and AFFIRM the Commissioner's decision.

Dated: September 27, 2023

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

---

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F. 3d 520, 530-31 (6th Cir. 2019).