# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SHARON L. KURTZ, | ) | CASE NO.: 5:22-cv-02229 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on objections filed by Plaintiff Sharon Kurtz to the Report and Recommendation ("R&R") of the Magistrate Judge. On September 27, 2023, the Magistrate Judge issued her R&R in this matter recommending that the Court affirm the Commissioner. On October 11, 2023, Kurtz objected to the R&R. The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the

Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

Kurtz contends that the R&R erred when it concluded that the ALJ did not fail to consider her past work as a composite job. Doc. 17, p. 1. Specifically, Kurtz asserts that the ALJ and the Magistrate Judge failed to acknowledge the vocational expert's explicit statement that Plaintiff's past work would be classified as a composite job of meat clerk (DOT # 222.684.101) and deli cutter (DOT # 222.684-010). Id. at p. 2. On this issue, the R&R explains:

> The Court agrees with the Commissioner that the ALJ did not fail to consider whether Claimant's past relevant work was a composite job but rather rejected her argument. In his decision, the ALJ specifically addressed Claimant's argument that she performed a composite job:
>
>> I carefully considered the arguments of the claimant's representative, that the claimant actually performed this work as a composite job, in conjunction with a job described as "meat clerk". However, the representative conceded the claimant did not describe the job as involving composite duties in her work activity or disability reports to the Agency. In any event, the claimant likewise conceded she performed only the light aspects of the job for a "couple of months" [hearing testimony]. Even assuming, for the sake of argument, that this job was a composite job for much of the time she performed it, a "couple of months" at only the lighter components would be sufficient to allow the claimant to become proficient in its execution based on the SVP.
>
> (ECF No. 9, PageID #: 61). The ALJ specifically mentions Claimant's failure to list composite duties in her reports to the Agency and these reports provide substantial evidence to support his decision that her past relevant work was as a deli clerk. (Id. at PageID #253, 273-74). The VE testified that the work described in these reports would be classified as a deli clerk and Claimant would still be able to perform the job as done normally in the national economy. (Id. at PageID #: 87-88). Additionally, as the Commissioner argues, the ALJ noted that even if Claimant previously performed a composite job, her own testimony indicated that she had performed the work of only a deli clerk for the past "couple of months." (Id.). Thus, Claimant had past relevant work as only a deli clerk and she was capable of performing such work as ordinarily performed. Substantial evidence supports the ALJ's decision that Claimant did not perform a composite job.

Doc. 16, p. 8-9. Kurtz contends that the ALJ's "selective reading of the hearing testimony grossly mischaracterized the vocational evidence[,]" and that therefore the ALJ "cherry picked" "only a few selective portions of it while ignoring its true overall nature[.]" Doc. 17, p. 2. Kurtz does not, however, explain in her objection how she would have this Court characterize the vocational evidence, or what other evidence is in the record that the ALJ is said to have ignored. Kurtz makes no effort to explain her summary statements, and the Court is not inclined to search out that support itself.

This Court agrees with the R&R that the ALJ acknowledged the vocational expert's testimony regarding Kurtz' past work. Further, the ALJ acknowledged that Kurtz' testimony at the hearing about her past work differed from her previous descriptions in her reports to the Agency. It is clear from the decision that the ALJ weighed the evidence before him and concluded that Kurtz did not perform duties as a composite job. However, the ALJ did not stop there, but rather assumed for the sake of argument that the job was a composite job, and still determined Kurtz could perform her previous duties. This Court will not and cannot reweigh this evidence.

For these reasons, Kurtz' objection is OVERRULED. This R&R is ADOPTED IN WHOLE.  The decision of the Commissioner is hereby AFFIRMED.

Dated: November 17, 2023              /s/ John R. Adams
                                                            JUDGE JOHN R. ADAMS
                                                            UNITED STATES DISTRICT JUDGE